**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| XINQUAN JIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ELIZABETH DETENTION CENTER, *et al.*,<br><br>Respondents. | Civil Action No. 26-4911 (MAS)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on Petitioner's habeas petition through which he seeks to challenge the bond hearing he received pursuant to this Court's Order in Petitioner's previous habeas petition. (ECF No. 1.) Following an order to answer, the Government filed opposition to the petition (ECF No. 6), to which Petitioner replied (ECF Nos. 7-8). For the following reasons, Petitioner's habeas petition is denied.

Petitioner is a native and citizen of China who unlawfully entered the United States by crossing the southern border without inspection or admission in April 2023. (ECF No. 1-6 at 2-4.) Although briefly detained following this illegal crossing, Petitioner was released from immigration custody at that time based on a lack of bedspace. (*Id.*) On November 8, 2025, Petitioner was arrested by immigration officials and placed back into immigration detention pending the completion of removal proceedings. (ECF No. 1 at 2.) Following an initial habeas petition, this Court entered an Order in February 2026 which determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and ordered the Government to provide Petitioner with a bond hearing before an immigration judge pursuant to that statute. (*Id.*)

Petitioner's bond hearing was held before an immigration judge on February 12, 2026. (ECF No. 11-1.) At his hearing, Petitioner was represented by counsel, who waived having an interpreter present for Petitioner. (*Id.* at 3.) Prior to the hearing, counsel for Petitioner provided an evidentiary packet in support of Petitioner's request for bond.[1] (*Id.* at 4.) The parties confirmed for the immigration judge that, although Petitioner had been ordered removed by an immigration judge, his appeal remained pending before the Board of Immigration Appeals. (*Id.* at 4-5.) In support of his request for bond, counsel for Petitioner argued that Petitioner was not a flight risk because there was a possibility that the BIA might overturn his order of removal. (*Id.* at 5.) The Government argued in response that Petitioner's argument on appeal was essentially based on the immigration judge's denial of a discretionary continuance after Petitioner had failed to file appropriate paperwork in support of his claims for relief, and that this was unlikely to result in the BIA granting relief or overturning his removal order. (*Id.* at 6-7.) The immigration judge considered these arguments, Petitioner's removal order, and the lack of argument as to flight risk beyond the mere possibility of a favorable result on appeal and found that Petitioner did not meet "his burden of proving that he is not a flight risk." (*Id.* at 7.)

In his chief claims for relief in this matter, Petitioner asserts that his bond hearing violated Due Process because the immigration judge did not properly weigh the appropriate factors and

[1] Petitioner's bond package included records indicating that Petitioner was employed at a salon in the fall of 2025 and could return to work there, has a romantic partner in the Untied States, and had a proposed sponsor he knew from China who lives in Florida, far removed from Petitioner's former residence in New York. The package thus provided only limited evidence of a stable living situation and no strong evidence of ties to the community in the United States. (*See* ECF No. 1-7.) That Petitioner's counsel at the bond hearing did not press any of that evidence at the bond hearing and the immigration judge did not find it compelling evidence of lack of flight risk is therefore not surprising.

because his bond hearing was fundamentally unfair.[2] Petitioner's bond hearing was held pursuant to 8 U.S.C. § 1226(a), under which the Government may detain aliens, but must accord them with a bond hearing at which the petitioner, and not the Government, bears the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, "[n]o court may set aside" the immigration judge's decision as to "the denial of bond." 8 U.S.C. § 1226(e). That a petitioner disagrees with how the immigration judge weighed the evidence serves as no basis for relief, and this Court has no jurisdiction to second-guess the immigration judge's decisions. 8 U.S.C. § 1226(e). Instead, this Court may only review bond hearings under the statute for fundamental fairness. *See, e.g.*, *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). An alien receives a fundamentally fair bond hearing when the bond hearing provides "factfinding based on a record produced before the decisionmaker and [which is] disclosed to him or her," an opportunity to "make arguments on his . . . own behalf," and the "right to an individualized determination of his . . . interests." *Id.*

In this matter, Petitioner was provided the opportunity to present evidence and arguments on his own behalf before the immigration judge. In addition, the immigration judge disclosed the record that she used to reach her decision. The immigration judge also made an individualized determination of Petitioner's rights by finding that he had failed to meet his burden of showing he was not a flight risk in light of his removal order and his argument that he was not a flight risk because the BIA may decide to overturn that order. Although the immigration judge's discussion

[2] The Court notes that despite bearing the burden of proof in this habeas proceeding, Petitioner failed to provide the Court with a recording or transcript of his bond hearing, and that transcript was instead provided by the Government at the Court's request.

of the facts was brief, it is clear that the immigration judge considered the evidence and arguments presented by Petitioner, and rendered a decision based on the record. Due Process requires no more of a fundamentally fair bond hearing. *Id.* That Petitioner or even this Court may disagree with the immigration judge's weighing of the evidence stands as no basis for relief from the denial of bond, and this Court has no authority to second guess the immigration judge's finding that Petitioner had failed to establish he was not a flight risk based on the limited arguments his counsel chose to make at his bond hearing. *Id.* As Petitioner's bond hearing was not fundamentally unfair, and this Court cannot second guess the immigration judge's weighing of the evidence, Petitioner's challenge to the outcome of his bond hearing must be denied.

In his final claim for relief, Petitioner argues that his detention during the pendency of his removal proceedings and appeal to the BIA, which now exceeds nine months, has become unduly prolonged because it has surpassed six months. While the Third Circuit left open the possibility that a petitioner who had already received a bond hearing under § 1226(a) could attempt to challenge his detention merely on the basis that it had become unduly prolonged, the Third Circuit specifically declined to adopt a bright line rule such as the six-month rule Petitioner espouses. *Borbot*, 906 F.3d at 279-80. Indeed, the Circuit found that Borbot himself, who had been detained for two and a half years at the time his appeal was decided, had failed to show that his detention had become so unduly prolonged that it warranted relief in light of the bond hearing he received. *Id.* Petitioner's detention is far shorter than that rejected as a basis for relief in *Borbot*, especially in light of the lack of any evidence of undue delay in his underlying removal proceedings. *Id.* Petitioner's challenge to his detention on the basis that it has surpassed six months therefore fails to serve as an adequate basis for relief, and Petitioner's prolonged detention claim must therefore be denied.

As all of Petitioner's claims fail to present an adequate basis for relief in light of the fundamentally fair bond hearing Petitioner received in February 2026, Petitioner's habeas petition shall be **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026